**FILED**

NOV 1 5 2007
NOV 15 2007
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bartosz Bartosik, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **07CV6471** |
| City of Chicago, a Municipal Corporation, | ) | **JUDGE ZAGEL** |
| Timothy Weiglein, Star # 13384, | ) | **MAG. JUDGE DENLOW** |
| Scott Konior, Star # 14328, | ) | |
| Paivi Maki, Star # 3309, | ) | |
| Gregory Sweeney, Star # 8981, | ) | |
| City of Chicago Police Officers, | ) | |
| In Their Individual Capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

Jurisdiction

1.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42

U.S.C., § 1983, § 1988; 28 U.S.C. § 1331, § 1343(a), and the Constitution of the

United States.

Parties

2.    Bartosz Bartosik is a resident of Cook County, Illinois.

3.    Defendant City of Chicago, is an Illinois municipal corporation.

4.    At all relevant times, Defendant officers were duly licensed police officers with

the Defendant City of Chicago, a municipal corporation, and were acting in the

course and scope of their employment and under color of law.

Facts

1

5. On or about January 12, 2006, Plaintiff was in the vicinity of 2701 W. Hirsch St. Chicago, Cook County, Illinois.

6. Then and there, one or more of the Defendant officers stopped, seized, searched, detained, and arrested Plaintiff.

7. During this seizure, one or more of the Defendant officers willfully caused excessive bodily harm to Plaintiff, without any legal justification.

8. Defendant officers did not have a reasonable basis for using the amount of force used against the Plaintiff.

9. During the seizure, one or more of the Defendant officers willfully caused excessive bodily harm to Plaintiff without any legal justification, while one or more of the other Defendant officers failed to intervene to protect Plaintiff from such willfully caused excessive bodily harm despite a reasonable opportunity and duty to do so.

10. As the direct and proximate result of all of the aforementioned actions by Defendant officers, Plaintiff suffered pain and suffering, bodily injury, disfigurement, medical expenses, as well as psychological damage and injury.

### COUNT I – 42 U.S.C. § 1983 Excessive Force/Failure To Intervene

**(Defendants Timothy Weiglein, Scott Konior, Paivi Maki, & Gregory Sweeney)**

11. Plaintiff re-alleges all prior allegations.

12. The actions of Defendant officers in physically abusing and otherwise using unreasonable, unjustifiable, and excessive force against Plaintiff, and/or in failing to intervene to protect the Plaintiff from such unreasonable, unjustifiable, and

2

excessive force despite a reasonable opportunity and duty to do so, violated

Plaintiff's rights under the Fourth Amendment to the United States Constitution,

incorporated to the states and municipalities through the Fourteenth Amendment,

to be secure in his person, papers, houses and effects against unreasonable

searches and seizures and thus violated 42 U.S.C. § 1983.

13.     The actions of Defendant officers were the direct and proximate cause of the

Plaintiff's injuries, as set forth more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, and §1988, Plaintiff demands judgment

against Defendant officers, jointly and severally, compensatory damages against them, and

because they acted maliciously, wantonly, or oppressively, joint and several substantial punitive

damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this

Court deems equitable and just.

## COUNT II–Pendant State Law Claim for Indemnification

### (Defendant City of Chicago)

14.     Plaintiff realleges what has been previously alleged in this Complaint.

15.     Defendant City of Chicago was the employer of the Defendant officers at the time

of this incident.

16.     Defendant officers committed the aforementioned willful and wanton acts alleged

above under color of law and in the course and scope of their employment as City

of Chicago police officers.

WHEREFORE, pursuant to 745 ILCS 10/9-102, should any of the Defendant officers be

3

found liable on one or more of the claims set forth above, Plaintiff demands that the Defendant

City of Chicago be liable for any judgment (other than punitive damages) he obtains thereon

against said Defendants.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

By

Neil Toppel,
One of the Plaintiff's Attorneys.

Dvorak, Toppel & Barrido
Attorneys At Law
3859 W. 26th St.
Chicago, IL 60623
(773) 521-1300 (phone)
(773) 521-4400 (fax)

4