UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Bartosz Bartosik, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 07 C 6471 |
| | ) |
| City of Chicago, a Municipal Corporation, | ) |
| Timothy Weiglein, Star #13384, | ) JUDGE DOW |
| Scott Konior, Star #14328, | ) MAGISTRATE JUDGE DENLOW |
| Paivi Maki, Star #3309, | ) |
| Gregory Sweeney, Star #8981, | ) |
| City of Chicago Police Officers, | ) |
| In Their Individual Capacities, | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

**DEFENDANTS' ANSWER, 12(B)(6) DEFENSE, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendants, City of Chicago ("Defendant City") and Defendant Officers Timothy Weiglein, Scott Konior, Paivi Maki, and Gregory Sweeney ("Defendant Officers"), collectively referred to as ("Defendants"), by one of their attorneys, Marcy M. Labedz, Assistant Corporation Counsel, hereby submit their Answer, 12(b)(6) Defense, Affirmative Defenses, and Jury Demand to Plaintiff's Complaint, and in support thereof state as follows:

Jurisdiction

1.   The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

**ANSWER:** Defendants admit this Court has jurisdiction over this matter, but deny the remaining allegations and complained of conduct contained in Paragraph 1.

Parties

    2.    Bartosz Bartosik is a resident of Cook County, Illinois.

    **ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

    3.    Defendant City of Chicago, is an Illinois municipal corporation.

    **ANSWER:**    Defendant City admits the allegations contained in Paragraph 3. Upon information and belief, Defendant Officers admit the allegations contained in Paragraph 3.

    4.    At all relevant times, Defendant Officers were duly licensed police officers with the Defendant City of Chicago, a municipal corporation, and were acting in the course and scope of their employment and under color of law.

    **ANSWER:**    Defendants admit the allegations contained in Paragraph 4, but deny any complained of conduct contained in Paragraph 4.

Facts

    5.    On or about January 12, 2006, Plaintiff was in the vicinity of 2701 W. Hirsch St. Chicago, Cook County, Illinois.

    **ANSWER:**    Upon information and belief, Defendant City and Defendant Officers Maki and Sweeney admit that on January 12, 2006 at or about 6:15 p.m., Plaintiff was in the vicinity of 2701 W. Hirsch Street in Chicago, Cook County, Illinois. Defendant Officers Weiglein and Konior admit that on January 12, 2006 at or about 6:15 p.m. Plaintiff was in the vicinity of 2701 W. Hirsch Street in Chicago, Cook County, Illinois.

    6.    Then and there, one or more of the Defendant Officers stopped, seized, searched, detained, and arrested Plaintiff.

**ANSWER:** Upon information and belief, Defendant City and Defendant Officers Maki and Sweeney admit that on January 12, 2006 at or about 6:15 p.m., in the vicinity of 2701 W. Hirsch Street in Chicago, one or more of the Defendant Officers stopped, seized, searched, detained, and arrested Plaintiff. Defendant Officers Weiglein and Konior admit that on January 12, 2006 at or about 6:15 p.m., in the vicinity of 2701 W. Hirsch Street in Chicago, one or more of the Defendant Officers stopped, seized, searched, detained and arrested Plaintiff.

7. During this seizure, one of more of the Defendant officers willfully caused excessive bodily harm to Plaintiff, without any legal justification.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 7.

8. Defendant Officers did not have a reasonable basis for using the amount of force used against the Plaintiff.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 8.

9. During the seizure, one or more of the Defendant officers willfully caused excessive bodily harm to Plaintiff without any legal justification, while one or more of the other Defendant Officers failed to intervene to protect Plaintiff from such willfully caused excessive bodily harm despite a reasonable opportunity and duty to do so.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 9.

10. As the direct and proximate result of all of the aforementioned actions by Defendant Officers, Plaintiff suffered pain and suffering, bodily injury, disfigurement, medical expenses, as well as psychological damage and injury.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 10.

## Count I-42 U.S.C Section 1983 Excessive Force/Failure to Intervene
### (Defendants Timothy Weiglein, Scott Konior, Paivi Maki, & Gregory Sweeney)

11.    Plaintiff re-alleges all prior allegations.

**ANSWER:**    Defendants re-assert their answers to all prior allegations, as their answer to paragraph 11 of Count I[1].

12.    The actions of Defendant Officers in physically abusing and otherwise using unreasonable, unjustifiable, and excessive force against Plaintiff, and/or in failing to intervene to protect Plaintiff from such unreasonable, unjustifiable, and excessive force despite a reasonable opportunity and duty to do so, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers, houses and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

**ANSWER:**  Defendant Officers deny the allegations and complained of conduct contained in Paragraph 12.

13.    The actions of Defendant Officers were the direct and proximate cause of the Plaintiff's injuries, as set forth more fully above.

**ANSWER:**  Defendant Officers deny the allegations and complained of conduct contained in Paragraph 13.

## Count II-Pendent State Law Claim for Indemnification
### (Defendant City of Chicago)

14.    Plaintiff realleges what has been previously alleged in this Complaint.

**ANSWER:**    Defendants re-assert their answers to what has been previously alleged in this Complaint, as their answer to paragraph 14 of Count II[2].

---

[1] Defendant City makes no answer to Count I since Count I is directed to Defendant Officers, and not the City.

[2] Defendant Officers make no answer to Count II since Count II is directed to Defendant City, and not to Defendant Officers.

4

15.     Defendant City of Chicago was the employer of the Defendant Officers at the times of this incident.

**ANSWER:**     Defendant City admits the allegations contained in Paragraph 15.

16.     Defendant Officers committed the aforementioned willful and wanton acts alleged above under color of law and in the course and scope of their employment as City of Chicago police officers.

**ANSWER:**     Defendant City admits that on January 12, 2006 Defendant Officers acted under color of law an in the course of their employment as City of Chicago police officers. Defendant City denies the remaining allegations and complained of conduct contained in Paragraph 16.

## 12(b)(6) DEFENSE

### FIRST 12(b)(6) DEFENSE
### STATUTE OF LIMITATIONS ON STATE CLAIMS

To the extent Plaintiff is making claims based on State of Illinois laws, the statute of limitations for state law claims against a municipality or its employees is one year. 745 ILCS 10/8-101 (West 2002). Plaintiff's Complaint alleges that the incident on which it is based occurred on January 12, 2006. (Complaint at ¶ 5). Therefore, because Plaintiff filed his Complaint on November 15, 2007, all state law claims directed to Defendants should be dismissed as beyond the statute of limitations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:
### QUALIFIED IMMUNITY

Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed his actions to be lawful, in light of clearly established law and the information that the Defendant Officers possessed. Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

### SECOND AFFIRMATIVE DEFENSE:
### STATE COMPARATIVE AND CONTRIBUTORY NEGLIGENCE LAW

Any injuries or damages claimed by the Plaintiff against Defendants were caused, in whole or in part, by negligent, willful and wanton, and intentional conduct of the Plaintiff. Even if Defendants were liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, willful and wanton and intentional conduct of Plaintiff which were the proximate cause of his injuries. In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2004) was in effect and reduces a Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a Plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

### THIRD AFFIRMATIVE DEFENSE: MITIGATION OF DAMAGES

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by a jury in this case.

### FOURTH AFFIRMATIVE DEFENSE: STATE TORT IMMUNITY ACT 745 ILCS 10/2-109

Under state law, the City is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (West 2004).

### FIFTH AFFIRMATIVE DEFENSE: STATE TORT IMMUNITY ACT 745 ILCS 10/4-102

Under state law, neither the City nor a City employee is liable for the failure to provide adequate police protection or service. 745 ILCS 10/4-102 (West 2004).

### SIXTH AFFIRMATIVE DEFENSE: STATE TORT IMMUNITY ACT 745 ILCS 10/2-204

Defendant City is not liable for any injuries caused by the act or omission of another person.

### SEVENTH AFFIRMATIVE DEFENSE: STATE TORT IMMUNITY ACT 745 ILCS 10/102

Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against by the injured party or a third party.

## CONCLUSION

**WHEREFORE,** Defendants respectfully requests that judgment be entered in their favor and against the Plaintiff, for the costs of defending this suit, and other such relief as the Court deems just and appropriate.

## JURY DEMAND

Defendants, City of Chicago and Officers Timothy Weiglein, Scott Konior, Paivi Maki, and Gregory Sweeney, hereby respectively demand a jury trial for all issues so triable.

Respectfully submitted,

/s/ Marcy M. Labedz
MARCY M. LABEDZ
Assistant Corporation Counsel

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-3982
(312) 744-6566 (Fax)
Atty. No. 06279219

Dated: February 20, 2008

## CERTIFICATE OF SERVICE

I, Marcy M. Labedz, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING** and **DEFENDANTS' ANSWER, 12(B)(6) DEFENSE, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT** to be sent via e-filing to the persons named in the foregoing Notice, "Filing Users" pursuant to Case Management/Electronic Case Files, on February 20, 2008, in accordance with the rules on electronic filing of documents.

        /s/ Marcy M. Labedz
        MARCY M. LABEDZ
        Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-3982
(312) 744-6566 (Fax)
Atty. No. 06279219